Katherine F. WHITNEY, as Executrix of the Estate of Barbara Whitney, Plaintiff–Appellee,

v.

EMPIRE BLUE CROSS AND BLUE SHIELD, Defendant–Appellant.

No. 684, Docket 96-7635.

United States Court of Appeals, Second Circuit.

Argued Jan. 22, 1997.

Decided Feb. 10, 1997.

Jeffrey D. Chansler, New York City (Joyce Tichy, on the brief), for Defendant–Appellant.

Mark Scherzer, New York City (A. Christopher Wieber, on the brief), for Plaintiff–Appellee.

Proskauer Rose Goetz & Mendelsohn, New York City (Minna Schrag, Edward J. Kornreich, Mark Barnes, of counsel), filed a brief for amici curiae The Association of the Bar of the City of New York, By Its Committee on AIDS; Greater New York Hospital Association; National Coalition for Cancer Survivorship; Cancer Care; Share; National Brain Tumor Foundation; National Women's Law Center; Northwest Women's Law Center;

AIDS Action Council; Amyotrophic Lateral Sclerosis Association; Gay Men's Health Crisis; Lambda Legal Defense & Education Fund; National Organization for Rare Disorders; and The Parkinson's Action Network, in support of Appellee.

Before: KEARSE and JACOBS, Circuit Judges, and GLEESON, District Judge *.

PER CURIAM.

Defendant Empire Blue Cross and Blue Shield ("Empire") appeals from a judgment entered in the United States District Court for the Southern District of New York, following a bench trial before Robert W. Sweet, *Judge*, ordering Empire, an insurance company that administers a plan covered by ERISA, 29 U.S.C. § 1001 *et seq.* (1994), to reimburse plaintiff Katherine Whitney, as Executrix of the Estate of Barbara Whitney ("Whitney"), for the cost of Whitney's treatment for advanced breast cancer by means of high-dose chemotherapy followed by autologous bone marrow transplant or stem cell support, recommended by her doctors. 920 F.Supp. 477 (1996). For the reasons that follow, we vacate and remand for reconsideration under the standard set out by this Court in *Sullivan v. LTV Aerospace & Defense Co.*, 82 F.3d 1251 (2d Cir.1996) ("*Sullivan*").

The district court, following principles enunciated by the Eleventh Circuit in *Brown v. Blue Cross & Blue Shield*, 898 F.2d 1556 (11th Cir.1990) ("*Brown*"), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991), accorded Empire a measure of deference lower than that normally appropriate for discretionary benefits decisions by an ERISA plan administrator, *see Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111, 109 S.Ct. 948, 954–55, 103 L.Ed.2d 80 (1989), on the basis that "when a claims administrator's role as a decision-making fiduciary 'lies in perpetual conflict' with its dual role as an insurer which must constantly strive to make its revenues exceed its costs, a higher level of scrutiny is required." 920

* Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

F.Supp. at 484 (quoting *Brown,* 898 F.2d at 1561). Applying this reduced standard of deference in the present case, the district court stated that

> Empire, in determining Whitney's claim, was subject to the influence of a substantial conflict. Empire is at financial risk if the cost of its claims exceeds the premiums it has collected. The ultimate decision to approve or deny coverage resides in Empire's medical director. Empire was administering claims under a policy it issued and for which it was financially responsible. This is the circumstance under which courts have held repeatedly that the insurance company is *operating under an inherent conflict of interest:*
>
> > Because an insurance company pays out to beneficiaries from its own assets rather than the assets of a trust, its fiduciary role lies *in perpetual conflict* with its profit-making role as a business.

920 F.Supp. at 484 (quoting *Brown,* 898 F.2d at 1561) (emphases ours). Stating that the fact that Empire is a not-for-profit corporation did not alter its reasoning, the district court concluded that,

> [p]resented with Whitney's claim, Empire was faced with the conflict of interest inherent to an insurer acting as plan administrator and was particularly conflicted because of the prospect of an unusually expensive benefit in a high-incidence disease. *Under these circumstances, the denial of coverage must be reviewed with a significantly reduced level of deference.*

920 F.Supp. at 484 (emphasis added).

After the district court issued its decision in the present case, we rendered our opinion in *Sullivan,* which expressly rejected the standard enunciated in *Brown.* We noted the *Brown* court's holding that " '[t]he inherent conflict between the fiduciary role and the profit-making objective of an insurance company makes a highly deferential standard of review inappropriate,' " *Sullivan,* 82 F.3d at 1255 (quoting *Brown,* 898 F.2d at 1562), and we stated that

> we decline to concur with the rule in *Brown* and adhere to the arbitrary and capricious standard of review in cases turning on whether the decision was based

on an alleged conflict of interest, unless the conflict affected the choice of a reasonable interpretation.

> .... [I]n cases where the plan administrator is shown to have a conflict of interest, the test for determining whether the administrator's interpretation of the plan is arbitrary and capricious is as follows: Two inquiries are pertinent. First, whether the determination made by the administrator is reasonable, in light of possible competing interpretations of the plan; second, whether the evidence shows that the administrator was in fact influenced by such conflict. If the court finds that the administrator was in fact influenced by the conflict of interest, the deference otherwise accorded the administrator's decision drops away and the court interprets the plan *de novo.*

*Sullivan,* 82 F.3d at 1255–56. We concluded that "a reasonable interpretation of the Plan will stand unless the participants can show not only that a potential conflict of interest exists, ... but that the 'conflict affected the reasonableness of the Committee's decision.' " *Id.* at 1259 (quoting *Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 443 (2d Cir.1995)).

In addition, we noted our rejection of the burden-shifting approach used by the *Brown* court, which placed the onus of disproving an actual influence of a conflict of interest on the plan. We stated that such an approach is "contrary to the traditional burden of proof in a civil case" and that "the burden of proving that the conflict of interest affected the administrator's decision rests with the plaintiffs." *Sullivan,* 82 F.3d at 1259.

■ Since this Court, in deciding a case on direct review, must apply the law as it exists at the time of our ruling, *see, e.g., Harper v. Virginia Department of Taxation,* 509 U.S. 86, 90, 113 S.Ct. 2510, 2513–14, 125 L.Ed.2d 74 (1993); *United States v. Scarpa,* 913 F.2d 993, 1019 (2d Cir.1990); *Hegger v. Green,* 646 F.2d 22, 26 (2d Cir.1981), and since the ruling of the district court applied the standard set in *Brown,* which we rejected in *Sullivan,* we

vacate the judgment and remand for reconsideration under the proper standard.

No costs.