Daniel RUSSO, Plaintiff–Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Defendant–Cross–Defendant–Appellee,

---

\* The Honorable Edward R. Korman, Chief Judge of the United States District Court for

Short Term Disability Plan for Employees of Estee Lauder, Long Term Disability Plan for Employees of Estee Lauder, Basic Accidental Death and Dismemberment Plan for Employees of Estee Lauder and Voluntary Accidental Death and Dismemberment Plan for Employees Of Estee Lauder, Defendants–Cross–Claimants–Appellees.

No. 06–2314–cv.

United States Court of Appeals, Second Circuit.

Jan. 16, 2007.

Patrick Busse, (Harry J. Binder, on the brief), Binder & Binder, P.C., Ronkonkoma, NY, for Appellant.

Michael H. Bernstein, (Eva Canaan, on the brief), Sedgwick, Detert, Moran & Arnold LLP, New York, NY, for Appellees.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, Circuit Judges, EDWARD R. KORMAN, District Judge.\*

**SUMMARY ORDER**

Pursuant to the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, plaintiff-appellant Daniel Russo ("plaintiff") sued defendants-appellees Continental Casualty Company ("CNA"), Short Term Disability Plan for Employees of Estee Lauder ("STD Plan"), Long Term Disability Plan for Employees

---

the Eastern District of New York, sitting by designation.

of Estee Lauder ("LTD Plan"), Basic Accidental Death and Dismemberment Plan for Employees of Estee Lauder ("Basic AD&D Plan"), and Voluntary Accidental Death and Dismemberment Plan for Employees of Estee Lauder ("Voluntary AD&D Plan") (collectively, "defendants"[1]), alleging that defendants had wrongfully denied him benefits due under the STD and LTD Plans, and had improperly cancelled his coverage under the Basic AD&D and Voluntary AD&D Plans. By opinion and order dated April 11, 2006, the District Court granted summary judgment in favor of defendants. Plaintiff appealed from the final judgment entered that same day. We assume the parties' familiarity with the facts and procedural history of the case. For the following reasons, we affirm.

First, at oral argument before us plaintiff withdrew his argument that the District Court abused its discretion by *sua sponte* referencing Circular Letter No. 8 of the New York State Insurance Department and determining that the letter did not affect the standard of review in the instant case.

Second, although plaintiff argues that, because CNA is subject to a conflict of interest as both administrator and insurer of the plans at issue, the District Court should have reviewed *de novo* defendants' denial of benefits under the LTD Plan[2] and cancellation of coverage under the Basic AD&D and Voluntary AD&D Plans, this Court has held that the "arbitrary and capricious" standard prevails unless the plaintiff offers "evidence show[ing] that the administrator was in fact influenced by such conflict." *Sullivan v. LTV Aerospace & Defense Co.*, 82 F.3d 1251, 1255–56 (2d Cir.1996); *see also Whitney v. Empire Blue Cross & Blue Shield*, 106 F.3d 475, 476–77 (2d Cir.1997). We recognize that courts must be wary of treating this requirement as an insurmountable burden, but in the instant case plaintiff has offered no evidence suggesting a link between CNA's financial interest as insurer and any allegedly improper actions it took as administrator. *Cf. Sullivan*, 82 F.3d at 1255, 1257 (holding that denial of summary judgment was appropriate where plan was unfunded and members of the administrative committee were also outside directors of the plan sponsor, because plaintiff offered evidence showing that the plan sponsor was suffering severe financial difficulties that would likely lead to downsizing and a senior officer at the plan sponsor had a significant role in determining who was eligible for benefits). Rather, plaintiff merely points to the allegedly improper actions themselves as proof of the conflict's influence on CNA's decision-making process.

Finally, for substantially the reasons stated in the District Court's opinion granting summary judgment, which we review *de novo, Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir.2005), we agree that defendant's decisions regarding eligibility and disability were not "without reason, unsupported by substantial evidence or erroneous as a matter of law," *Russo v. Continental Cas. Co.*, No. 05 CIV. 5700(HB), 2006 WL 931683, at *2 (S.D.N.Y. Apr.11, 2006) (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir.1995)) (internal quotation marks omitted), and thus did not fail the "arbitrary and capricious" test.

---

1. By stipulation, STD Plan, LTD Plan, Basic AD&D Plan, and Voluntary AD&D Plan withdrew their cross-claim against CNA, the administrator and insurer of the plans; CNA agreed to assume the defense and indemnification of the other defendants; and all defendants agreed to proceed under the same counsel.

2. In his opposition to defendants' motion for summary judgment, plaintiff withdrew his claim for benefits under the STD Plan.

9

We have carefully considered all of Russo's arguments and find them to be without merit. Accordingly, the District Court's judgment is **AFFIRMED.**