09-1266-cv
Seri v. Newtown

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE
PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A
DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER
MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 30th day
of March, two thousand ten.

Present:
        WILFRED FEINBERG,
        ROBERT A. KATZMANN,
          *Circuit Judges*,
        P. KEVIN CASTEL,
          *District Judge.*[*]

_____

MICHAEL C. SERI,

      *Plaintiff-Appellant*,

         v.                  No. 09-1266-cv

ANTHONY BOCHICCHIO,

      *Defendant-Appellee*,

TOWN OF NEWTOWN, DARLENE FROEHLICH, Sgt, I/O, ROBERT HAAS, Officer, I/O,
HENRY STORMER, Detective, I/O, JOHN COLE, Sgt, I/O, ROBERT TVARDZIK, Detective,
I/O, R. KOETSCH, Detective, I/O, CHRISTOPHER VANGHELE, Sgt, I/O, and MICHAEL
KEHOE, Chief of Police, I/O,

      *Defendants*.[**]

_____

[*] The Honorable P. Kevin Castel, United States District Judge for the Southern District of
New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

For Plaintiff-Appellant:           DAVID K. JAFFE, Brown, Paindiris & Scott, LLP,
                                   Hartford, CT


For Defendant-Appellee:            MATTHEW B. BEIZER, Assistant Attorney General,
                                   *for* Richard Blumenthal, Attorney General, Hartford,
                                   CT


Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered March 20, 2009, is **AFFIRMED**.

Plaintiff-Appellant Michael Seri appeals from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*), entered March 20, 2009, granting Defendant-Appellee Anthony Bochicchio's motion for summary judgment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Seri's complaint alleged that Bochicchio violated his constitutional rights by suppressing exculpatory fingerprint evidence that was discovered after Seri had been convicted of public indecency and impairing the morals of a child. The district court found that Bochicchio was entitled to absolute immunity for the actions he took subsequent to Seri's conviction, and, in the alternative, that he was entitled to qualified immunity. Seri challenges both aspects of the district court's ruling. We review the district court's grant of summary judgment *de novo*, construing all facts in favor of the nonmoving party. *Runner v. New York Stock Exch., Inc.*, 568 F.3d 383, 386 (2d Cir. 2009).

The district court made its finding that absolute immunity applied to Bochicchio before we decided *Warney v. Monroe County*, 587 F.3d 113 (2d Cir. 2009), in which we addressed the

2

question of whether prosecutors who allegedly delayed disclosure of exculpatory DNA and fingerprint evidence in the post-conviction setting were entitled to absolute immunity. Because our decision in *Warney* offers new guidance on the issue decided by the district court, our ordinary course would be to remand this case for reconsideration in light of this intervening precedent. *See, e.g.*, *Whitney v. Empire Blue Cross & Blue Shield*, 106 F.3d 475, 477-78 (2d Cir. 1997) (per curiam). However, because we agree with the district court's alternative holding that qualified immunity applied to Bochicchio and that summary judgment in his favor was therefore appropriate, we need not reach the issue of whether he was entitled to absolute immunity, and we see no need to remand in this case.

There are two steps in the inquiry as to whether a government official is entitled to qualified immunity. One, the court "must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009) (citation omitted). Two, the court "must decide whether the right at issue was 'clearly established' at the time of [the] defendant's alleged misconduct." *Id.* at 816. "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Id.* In *Pearson*, the Supreme Court abandoned its previous holding in *Saucier v. Katz*, 533 U.S. 194 (2001), that step one must always be addressed before step two. 129 S. Ct. at 818. We may, accordingly, "exercise [our] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

Seri argues that Bochicchio violated his clearly established rights under (1) *Brady v. Maryland*, 373 U.S. 83 (1963), (2) the Due Process Clause of the Constitution, and (3) the ethical rules that apply to prosecutors. Seri's first theory falls short under both prongs of the qualified

3

immunity analysis. Not only does he fail to point to any authority clearly establishing, as of 2002 (when the conduct at issue occurred), that a prosecutor's *Brady* obligation to disclose exculpatory evidence survives in the post-conviction context, but the Supreme Court has also recently established that "*Brady* is the wrong framework" to apply in assessing a convicted defendant's right to access exculpatory evidence. *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2320 (2009). The Court found that although a convicted defendant "does . . . have a liberty interest in demonstrating his innocence with new evidence under state law," a "criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Id.* at 2319-20. *Brady*, which addresses the rights a defendant possesses at trial, is therefore inapposite. *Id.* at 2320.

With regard to Seri's second theory, it fails the second prong of the *Saucier/Pearson* analysis. Seri points to no authority clearly establishing, as of 2002, that he had a due process right to access the fingerprint evidence or to have it disclosed to him by Bochicchio once it became evident to Bochichhio that the evidence was exculpatory. The law in this area was unsettled at the time and remained so even five years later, when, for example, we observed in *McKithen v. Brown* that the open question of what liberty interest a lawfully convicted prisoner has in accessing potentially exonerative evidence must be approached with caution, 481 F.3d 89, 106-07 (2d Cir. 2007).

Finally, Seri's third theory also fails under the "clearly established constitutional right" prong of the qualified immunity analysis. Although he is correct that a prosecutor's ethical duty to disclose exculpatory evidence extends beyond the point of conviction, *see Imbler v. Pachtman*, 424 U.S. 409, 427 n.25 (1976), this ethical duty does not of itself establish a *constitutional* right possessed by Seri, *see id.* (distinguishing between a prosecutor's duty to disclose exculpatory

4

evidence at trial, which is enforced "by the requirements of due process," and a prosecutor's duty to disclose such evidence after a conviction has been obtained, which is enforced "by the ethics of his office").

Because Seri cannot establish that Bochicchio's alleged conduct violated any "clearly established constitutional right," Bochicchio is entitled to qualified immunity. Summary judgment in Bochicchio's favor was therefore appropriate.

We have considered Seri's other arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK